NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> BRENT F. WILLIAMS; GUY ANDREW WILLIAMS, <br><br> Defendants-Appellants. | Nos. 16-10375 <br> 16-10423 <br><br> D.C. No. 2:09-cr-01492-ROS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jack Zouhary, District Judge, Presiding[**]

Submitted January 16, 2018[***]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

In these consolidated appeals, Brent F. Williams and Guy Andrew Williams

appeal pro se from the district court's order denying their motions under Federal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rule of Criminal Procedure 33(b)(1) seeking new trials on their criminal charges for conspiracy, wire fraud, mail fraud, and transactional money laundering.

Appellants raise several claims premised on the assumption that the Department of Justice lacked authority to bring charges against them absent a pre-indictment enforcement action by the Securities and Exchange Commission ("SEC"). Contrary to appellants' contentions, neither the SEC "nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice." 17 C.F.R. § 202.5(f). Therefore, the district court did not abuse its discretion by rejecting appellants' subject matter jurisdiction, *Brady*, and prosecutorial authority claims. *See United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc).

Nor did the district court err by rejecting appellant's remaining contentions that the prosecutors lacked authority. The United States Attorneys' Manual, on which appellants rely, "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." *United States v. Lorenzo*, 995 F.2d 1448, 1453 (9th Cir. 1993) (internal quotations omitted). And, in any event, appellants have not shown that the prosecution of their criminal charges was contrary to any protocols.

We do not consider appellants' remaining arguments, which they failed to raise in their direct appeals and were not a basis for their motions for new trials. *See United States v. Antonakeas*, 255 F.3d 714, 721 (9th Cir. 2001) (declining to consider issue raised for the first time on appeal); *United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998) (declining to consider claims that have could have been raised in an earlier appeal but were not).

The motion for immediate release pending appeal is denied as moot.

**AFFIRMED.**